UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00517

**Hal Devin Lorance,**
*Plaintiff,*
v.
**Ocean Spray Cranberries, Inc.,**
*Defendant.*

# ORDER

Plaintiff brought this case under the Americans with Disabilities Act. Doc. 1. The court referred this case to a magistrate judge to the full extent authorized by 28 U.S.C. § 636(b)(1). Doc. 5. Defendant moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Doc. 12. The magistrate judge issued a report recommending that the court deny the motion to dismiss and grant plaintiff leave to amend the complaint. Doc. 16. Defendant objected. Doc. 17. The court overrules defendant's objections, adopts the magistrate judge's recommendation, denies the motion to dismiss, and grants plaintiff leave to amend the complaint.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Defendant fails to specifically identify which of the magistrate judge's findings it objects to. Defendant merely objects to the

magistrate judge's conclusion and "asks the Court to reconsider its arguments in the Motion to Dismiss and related Reply." Doc. 17 at 3. Defendant proceeds to re-urge its motion to dismiss arguments without meaningfully engaging with any of the magistrate judge's findings. Doc. 17. Parties have a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Nettles*, 677 F.2d at 410. To hold otherwise produces a result incompatible with the purpose of the Magistrate Act. *Id.* The court overrules defendant's objections.

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Defendant's motion to dismiss is denied. Plaintiff is granted leave to file its amended complaint. Plaintiff's amended complaint, Doc. 18, is now the operative complaint in this action. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

*So ordered by the court on September 1, 2026.*

J. Campbell Barker
United States District Judge